**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DARRELL FOYE, | : | Civil No. 04-6217 (SRC) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| RONALD H. CATHEL, et al., | : | |
| Respondents. | : | |

**APPEARANCES**:

    DARRELL FOYE # 33885b/419160, Petitioner Pro Se
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey  08625

**CHESLER**, **DISTRICT JUDGE**

    Petitioner Darrell Foye ("Foye"), confined at New Jersey State Prison ("NJSP"), has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and has moved for a stay of his case pending exhaustion of his remedies in the New Jersey Courts (docket entry 2). Petitioner wishes to exhaust claims which he intends to raise in one all-inclusive habeas petition but fears that he will be barred by the limitations period mandated by 28 U.S.C. § 2244(d).  The filing fee in this matter has been paid.  For the reasons set forth below, the Court will grant the motion and stay this Petition as of March 10, 2005.

## I. FACTUAL BACKGROUND

In a motion raised pursuant to his habeas corpus Petition, Foye seeks to have this Court stay his Petition, pending exhaustion of certain as yet unexhausted claims in state court. From review of the Petition, the relevant facts in this case appear as follows:

On April 27, 2001, after a jury trial, Petitioner was convicted in the New Jersey Superior Court pursuant to Monmouth County Indictment # 00-03-0433 of murder, conspiracy, armed robbery, and a number of other offenses.  (Pet. ¶ 4.) Petitioner was sentenced to an aggregate term of life plus ten years, with a thirty-five year period of parole ineligibility. (Id., ¶ 3.)  The New Jersey Appellate Division affirmed his conviction on June 11, 2003.  (Id.)  According to Petitioner, the New Jersey Supreme Court denied his Petition for Certification on December 11, 2003.  (Id., ¶ 9.)  Petitioner does not appear to have applied to the Supreme Court of the United States for a writ of certiorari.  (Id., Declaration of Darrell Foye in Support of Motion.)[1]

---

[1] Although not apparent in the Petition, Foye in his declaration in support of the stay motion mentions that this motion, brought in connection with the current habeas Petition, involves two separate convictions on two indictments, the other being Monmouth County # 99-10-01971.  Petitioner was convicted, and was sentenced on that indictment on June 14, 2002. Petitioner appealed, and the New Jersey Supreme Court denied
(continued...)

Petitioner asserts that his counsel is in the process of filing an application for New Jersey post-conviction relief, but will not be able to file the aforesaid application before December 10, 2004.  Petitioner concludes that the danger to his ability posed by the delay in submission of his post-conviction application the New Jersey courts will jeopardize his ability to later file one all inclusive habeas corpus petition in this Court.  Therefore, Foye has submitted what he calls a "placeholder" Petition in an attempt to preserve both his exhausted and unexhausted claims for future review.  According to Petitioner, after the exhaustion of his additional claims in state post-conviction proceedings, he will return to federal court and seek permission to file a one all-inclusive habeas corpus petition containing only exhausted claims.  Petitioner fears that failure to grant such a stay will fatally impair his ability to seek review of all claims which he seeks to present in his all-inclusive habeas petition.

---

$^1$(...continued)
certification on September 23, 2004.  (Declaration of Darrell Foye in Support of Motion.)  The Court will not consider this conviction, as "A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court". Rules Governing Section 2254 Cases in United States District Courts. R. 2(e).

## II.  DISCUSSION

Section 2254 of Title 28 U.S.C. grants a federal court jurisdiction where a petitioner is "in custody pursuant to a judgment of a State court."  28 U.S.C. § 2254(b)(1).  "Habeas corpus petitions must meet heightened pleading requirements, see 28 U.S.C. § 2254 Rule 2(c)."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition is required to "specify all the grounds for relief" and to set forth "the facts supporting each of the grounds thus specified."  See Rule 2(c) of Rules Governing Section 2254 Cases in United States District Courts.

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face, see 28 U.S.C. § 2254 Rule 4."  McFarland, 512 U.S. at 856; Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to dismiss the petition if the petitioner is not entitled to relief.  Habeas Rule 4 provides in relevant part:

> The petition shall be examined promptly by
> the judge to whom it is assigned.  If it
> plainly appears from the face of the petition
> and any exhibits annexed to it that the
> petitioner is not entitled to relief in the
> district court, the judge shall make an order
> for its summary dismissal and cause the
> petitioner to be notified.

See Habeas Rule 4.

4

The limitations period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir.1998); Duarte v. Herschberger, 947 F.Supp. 146, 147 (D.N.J.1996). See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997) ("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the

5

90-day period for filing a petition for writ of <u>certiorari</u> in the United States Supreme Court. See <u>Swartz v. Meyers</u>, 204 F.3d 417, 419 (3d Cir.2000); <u>Morris v. Horn</u>, 187 F.3d 333, 337 n. 1 (3d Cir.1999. As set forth above, the limitations period is tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2).

In contrast to direct review, "the time during which a state prisoner may file a petition for writ of <u>certiorari</u> in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." <u>Stokes v. District Attorney of the County of Philadelphia</u>, 247 F.3d 539, 542 (3d Cir.), <u>cert. denied</u>, 534 U.S. 959 (2001); see also <u>Cevallos-Bermeo v. Hendricks</u>, 2005 WL 1828557, *1-*2 (D.N.J. )

Recently, the Third Circuit in <u>Crews v. Horn</u>, 360 F.3d 146 (3d Cir. 2004), indicated that a District Court has the discretion to stay a habeas petition if dismissal could jeopardize the petition's timeliness under the AEDPA. As the <u>Crews</u> court noted:

> Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition...Virtually every other Circuit that has considered the issue has held that, following AEDPA, while it usually is within a district court's discretion to determine whether to stay or dismiss a mixed petition, staying the petition is the only appropriate course of action where an outright dismissal " 'could jeopardize the timeliness of a collateral attack.' " <u>Zarvela v. Artuz</u>, 254 F.3d 374, 380 (2d Cir.), <u>cert. denied</u>, 534 U.S. 1015 (2001).

Crews v. Horn, 360 F.3d 146, 151-52.

Applying these principles to the case at bar, it appears that Petitioner is confused as to the relevant limitations period affecting his Petition. According to Petitioner, the New Jersey Supreme Court denied his Petition for Certification on direct review on December 11, 2003. (Id., ¶ 9.) Petitioner then had 90 days in which to file a petition for writ of certiorari in the United States Supreme Court, see Swartz v. Meyers, supra; Morris v. Horn, supra. Thus, the one-year statute of limitations apparently began to run beginning March 11, 2004. The instant Petition was submitted on December 10, 2004, well within the limitations period. In addition, this Court has not been informed as to whether Foye's application for state post-conviction relief has been submitted to the New Jersey courts, which, if properly filed, also would toll the limitations period. See 28 U.S.C. § 2244(d), supra. However, in order to afford Petitioner the opportunity to exhaust all his claims in state court without fear of running afoul of the limitations period, this Court will stay the Petition as of March 11, 2005, pending Petitioner's exhaustion of state remedies. See Crews v. Horn, 360 F.3d 146 (3d Cir. 2004). If Petitioner fails to file his application for state post-conviction relief within 30 days of his receipt of this Order, or fails to return to federal court within 30 days after the final denial of such relief, the Court

7

will vacate said stay nunc pro tunc.   See Crews, 360 F.3d at 154.

### III.   CONCLUSION

Based on the foregoing, the Court will grant the motion to stay the Petition as to the conviction on indictment #00-03-0433 only and afford Petitioner a reasonable period of time in which to exhaust his claims in the New Jersey courts and return to this Court.

An appropriate Order accompanies this Opinion.

s/Stanley R. Chesler
**STANLEY R. CHESLER**
**UNITED STATES DISTRICT JUDGE**

**DATED**   August 16, 2005