```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

```
DARRELL FOYE,                    :
                                 :    Civil Action No. 04-6217(FLW)
          Petitioner,            :
                                 :
     v.                          :    OPINION
                                 :
RONALD H. CATHEL, et al.,        :
                                 :
          Respondents.           :
```

**APPEARANCES:**

    DARRELL FOYE, Petitioner <u>pro se</u>
    PRISON #419160 SBI #338885B
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625

**WOLFSON**, District Judge

    Petitioner Darrell Foye, a convicted state prisoner, currently confined at the New Jersey State Prison in Trenton, New Jersey, has submitted an application seeking an extended stay of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was filed on December 15, 2004 (Docket Entry No. 1), and stayed by an Opinion and Order issued by this District Court on August 16, 2005 (Docket Entry Nos. 3 and 4). This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, petitioner's motion for an extended stay of his federal habeas petition will be denied.

I.  BACKGROUND

On April 27, 2001, after a jury trial, Petitioner, Darrell Foye ("Foye"), was convicted in the Superior Court of New Jersey, pursuant to Monmouth County Indictment # 00-03-0433, on charges of murder, conspiracy, armed robbery, and a number of other offenses.  (Petition ¶ 4).  Foye was sentenced to an aggregate term of life imprisonment plus ten years, with a 35-year period of parole ineligibility.  (Pet. ¶ 3).  The Superior Court of New Jersey, Appellate Division affirmed Foye's conviction and sentence on June 11, 2003.  (Id.).  Foye states that the Supreme Court of New Jersey denied his petition for certification on December 11, 2003.  (Pet. ¶ 9).  Foye did not seek a writ of certiorari with the Supreme Court of the United States.

On or about December 15, 2004, Foye filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  With his petition, Foye also submitted a motion asking that his federal habeas petition be stayed while he sought state collateral review of his state court conviction.[1]  In a declaration in support of his

---

[1] Foye indicated that he was challenging two separate convictions in his habeas petition, the other being Monmouth County Indictment # 99-10-01971.  Foye was convicted and sentenced on that indictment on June 14, 2002.  He appealed his conviction, and the Supreme Court of New Jersey denied certification on September 23, 2004.  In the Opinion and Order granting Foye's request for a stay of his federal habeas petition, the district court declined to consider the second conviction (Indictment # 99-10-01971) because "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of

motion for a stay, Foye stated that his counsel was in the process of filing a petition for post-conviction relief ("PCR") in state court, but would not be able to do so before December 10, 2004. Foye asserted that a stay of his federal habeas petition was necessary so that he could preserve his exhausted claims while he pursued his unexhausted claims in state court. He further stated that at the completion of his state PCR proceedings, he would file his one all-inclusive habeas petition, which would then contain only exhausted claims for habeas relief.

In an Opinion and Order filed on August 16, 2005, the Honorable Stanley R. Chesler, U.S.D.J., granted Foye's request for a stay of his federal habeas proceeding pending exhaustion of petitioner's state court remedies, pursuant to Crews v. Horn, 360 F.3d 146 (3d Cir. 2004). The Order granting the stay further provided that Foye must return to federal court within 30 days after the denial of state post-conviction relief. (See Docket Entry Nos. 3 and 4).

On August 23, 2006, this Court issued a second Order administratively terminating Foye's habeas action pending the

---

each court." Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Court. (August 16, 2005 District Court Opinion, Docket Entry No. 3 at pg. 3, fn. 1).

filing of a motion to re-open the matter as permitted in the August 16, 2005 Order.[2]

On June 9, 2008, the Clerk of the Court received petitioner's motion seeking to extend the stay of his federal habeas action.[3] Foye states that his state PCR petition was denied on November 18, 2005, and he appealed that decision to the

---

[2] On July 10, 2006, an Order was entered in this matter by the Honorable Garrett E. Brown, Jr., Chief Judge, United States District Court for the District of New Jersey, reassigning this case to the undersigned for all further proceedings. Consequently, this Court issued an Order, dated August 23, 2006, directing that, pursuant to the August 16, 2005 Order granting a stay of petitioner's § 2254 habeas petition, (1) Foye shall return to this Court by filing a Motion to Reopen within 30 days after exhaustion of his state law claim on post-conviction review, as required by 28 U.S.C. § 2254(b); (2) if Foye should fail to comply with the deadline as set forth in the Order, this Court may vacate the Order nunc pro tunc and dismiss all unexhausted claims without further notice; and (3) the Order was not to be construed as a finding as to timeliness of the claims asserted in Foye's petition, or of claims that may be asserted in any future petition or amended petition, see Mayle v. Felix, 545 U.S. 644 (2004). The matter was then administratively terminated, pending the filing of a Motion to Reopen as permitted by the August 23, 2006 and August 16, 2005 Orders.

[3] Foye's application appears to be dated June 5, 2008. Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court. See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1998) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition). This Court will adopt the "prison mailbox rule" with respect to Foye's application for an extension of the stay, and finds that the date he signed his motion papers is the date his motion was filed with the Court. See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1998) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition).

Superior Court of New Jersey, Appellate Division.  The Appellate Division affirmed the trial court decision in an unpublished opinion dated February 19, 2008.  Foye then filed a petition for certification before the Supreme Court of New Jersey, which was denied on May 6, 2008.  (Pet. Motion, Docket Entry No. 7, ¶ 7).

In his motion for an extended stay, Foye seeks additional time to file a second state PCR petition to raise a claim of ineffective assistance of his state PCR counsel.  (Id., ¶¶ 8-9).

## II.   DISCUSSION

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."[4]  28 U.S.C. § 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is

---

[4] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886).  The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

required to present [his or her] unexhausted claims to the [state's] courts").[5]

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. Rose, 455 U.S. at 519.

The exhaustion doctrine is a "total" exhaustion rule. That is, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims [('mixed' petitions)]." Lundy, 455 U.S. at 522. At the time Rose v. Lundy was decided, there was no statute of limitations on the filing of federal habeas petitions. The enactment in 1996 of a one-year limitations period for § 2254 habeas petitions,[6] however, "'has altered the context in which the choice of mechanisms for handling mixed petitions is to be made.'" Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004) (quoting Zarvela v. Artuz, 254 F.3d

---

[5] Although a petition for a writ of habeas corpus may not be granted if the Petitioner has failed to exhaust his remedies in state court, a petition may be denied on the merits notwithstanding the petitioner's failure to exhaust his state court remedies. See 28 U.S.C. § 2254(b)(2); Lambert v. Blackwell, 387 F.3d 210, 260 n. 42 (3d Cir. 2004); Lewis v. Pinchak, 348 F.3d 355, 357 (3d Cir. 2003).

[6] See 28 U.S.C. § 2244(d).

374, 379 (2d Cir.), cert. denied, 534 U.S. 1015 (2001)).  Because of the one-year limitations period, dismissal of a timely-filed mixed petition may forever bar a petitioner from returning to federal court.  "Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition."  Crews, 360 F.3d at 151.  Indeed, the Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action."  Crews, 360 F.3d at 154.

The Supreme Court has somewhat limited the stay-and-abeyance rule announced in Crews.

> [S]tay and abeyance should be available only in limited circumstances.  ...  [S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> ...
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  In such circumstances, the district court should stay, rather than dismiss, the mixed petition.  ...  For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the

> petitioner to delete the unexhausted claims and to
> proceed with the exhausted claims if dismissal of the
> entire petition would unreasonably impair the
> petitioner's right to obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations omitted).

Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the one-year statute of limitations. "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278. See also Crews, 360 F.3d at 154 ("If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the denial of that relief to return to federal court. If a petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc.") (citations omitted).

In the present case, Foye seeks an extension of the stay granted by the District Court in prior Orders dated August 16, 2005 and August 23, 2006. He states that his first state PCR petition was denied, and the Supreme Court of New Jersey denied certification on May 6, 2008. Pursuant to the August 16, 2005 and August 23, 2006 Orders, Foye had thirty days after the exhaustion of his state court remedies to re-open his federal habeas action and file one all-inclusive petition. Thus, Foye had until June 6, 2008 to return to this Court.

On June 5, 2008, Foye filed this motion for an extended stay, one day before the deadline to re-open his case. However, rather than seeking to re-open his case, Foye requests another stay of his habeas proceedings. As set forth above, a stay is appropriate only where petitioner can show "good cause" for his failure to exhaust the purportedly unexhausted claim.

This Court acknowledges that petitioner appears to have been diligent in pursuing his state court remedies. However, his claim of ineffective assistance of counsel during his state PCR proceedings is not a cognizable claim in a federal habeas proceeding. See 28 U.S.C. § 2254(i). Therefore, there is no justifiable or legitimate reason to further delay this federal habeas proceeding while Foye exhausts his ineffective assistance of state PCR counsel claim in state court because such claim is not cognizable under § 2254(i).[7] Under these circumstances, it would be an abuse of discretion to grant an additional stay. See Rhines, 544 U.S. at 276-78. Accordingly, Foye's motion for an

---

[7] This Court does not consider the merit of petitioner's claim alleging ineffectiveness of his state PCR counsel. Foye may bring this claim in a second state PCR action, and it does not appear that he is procedurally barred from bringing his unexhausted claim for state collateral review. See New Jersey Court Rules 3:22-1 through 4. Rather, this Court's decision is confined solely to the issue of whether such a claim would be cognizable in a federal habeas action under § 2254, so as to warrant an additional stay of his § 2254 habeas proceedings, which it does not.

extension of the stay of his federal habeas proceedings will be denied.

### III. CONCLUSION

For the foregoing reasons, petitioner's motion for an extension of a "stay and abeyance" of his federal habeas proceedings will be denied.  This Court will direct the Clerk of the Court to re-open this matter, and petitioner shall have thirty (30) days from the entry of this Opinion and the accompanying Order to file his one all-inclusive § 2254 habeas petition.

                                                    s/Freda L. Wolfson
                                                  FREDA L. WOLFSON
                                                  United States District Judge

DATED: July 22, 2008