## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DARRELL FOYE,                          :
                                       :   Civil Action No. 04-6217 (FLW)
            Petitioner,                :
                                       :
            v.                         :   **OPINION**
                                       :
RONALD H. CATHEL, et al.,              :
                                       :
            Respondents.               :

**APPEARANCES:**

        SONIA M. SILVERSTEIN, ESQ.
        SONIA M. SILVERSTEIN & ASSOCIATES
        5 Split Rock Drive
        Cherry Hill, New Jersey 08003
        Counsel for Petitioner Darrell Foye

        PATRICIA B. QUELCH, ESQ.
        MONMOUTH COUNTY PROSECUTOR'S OFFICE
        Court House
        71 Monument Street
        Freehold, New Jersey 07728-1261
        Counsel for Respondents

**WOLFSON**, District Judge

        Petitioner Darrell Foye, a convicted state prisoner, has

submitted a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254, challenging a New Jersey state court judgment of

conviction that was entered against him on or about April 27,

2001.  For the reasons stated herein, the Petition will be denied

for lack of substantive merit.

I.   BACKGROUND

A.   Factual Background

     The facts of this case were recounted below and this Court, affording the state court's factual determinations the appropriate deference, see 28 U.S.C. § 2254(e)(1), will simply reproduce the recitation as set forth in the unpublished opinion of the Superior Court of New Jersey, Appellate Division, decided on July 11, 2003, with respect to petitioner's direct appeal from his judgment of conviction:

> In essence, the evidence showed that defendant organized the endeavor to rob and at least seriously injure the victim in light of his relationship with defendant's former girlfriend.  Thus, he is responsible for the crimes as an accomplice or conspirator.[1]  He asked co-defendant Birt to "beat down" the victim, gave Birt (who announced an intention to "kill" the victim) the firearm with which the victim was shot, and took a shotgun in the car to the scene. He was taking Birt and his other accomplice to the victim's house when, upon seeing the victim, he directed Birt and Adams to exit the car and "go down with [their] business." Moreover, his conduct after the shooting in disposing of the murder weapon and giving "get away" money to Birt supports the finding of culpability.

(Re 32,[2] July 11, 2003 Appellate Division Opinion at pp. 4-5).

---

[1]      Except for the conspiracy count, the case against defendant was charged under the theory of accomplice liability.

[2]      "Re" refers to the state court record exhibits provided by the respondents.  The list of exhibits comprising the state court record is attached to the State's answer and is docketed as document entry no. 21-4, listing 44 exhibits to the record.

B.  Procedural History

    On March 22, 2000, petitioner Darrell Foye ("Foye") and co-
defendants, Raymond Birt, William Vernon and Stephen Adams, were
indicted under Monmouth County Indictment No. 00-03-433 on
thirteen counts as follows: (Count 1) conspiracy to commit armed
robbery and aggravated assault; (Count 2) armed robbery; (Count
3) murder; (Count 4) felony murder; (Count 5) possession of a
weapon for an unlawful purpose; (Count 6) unlawful possession of
a weapon; (Count 7) acquiring a handgun without a permit to
purchase; (Counts 8 and 9) hindering apprehension of oneself and
another (as to Foye only); (Count 10) tampering with physical
evidence (as to Foye only); and (Counts 11 (Foye), 12 (Birt) and
13 (Vernon)) certain person not to have a weapon, in violation of
N.J.S.A. 2C:39-7b.  (Re 2, Indictment # 00-03-433).  Before
Foye's trial, co-defendants Vernon and Adams entered pleas of
guilty on June 5, 2000, and thereafter testified against Foye and
co-defendant Birt at their trial.

    Before trial, Foye moved for pretrial rulings pursuant to
Miranda v. Arizona, 384 U.S. 436 (1966) and Bruton v. United
States, 391 U.S. 123 (1968).  (Re 6, Petitioner's brief dated
October 23, 2000).  A hearing was conducted on January 3, 2001
(Re 8, January 3, 2001 Pre-trial hearing transcript).  On January
8, 2001, the trial court entered an Order denying Foye's motion
to exclude his statements, granting admission of a redacted

3

letter by co-defendant Vernon, and denying Foye's motion to suppress out-of-court identifications.  (Re 9, January 8, 2001 Order).

A joint trial of Foye and Birt was held before a jury, with the Honorable Paul F. Chaiet, J.S.C., presiding, on January 9, 10, 11, 16, 17, 18, 22, 23, 24 and 25, 2001.  At the conclusion of evidence at trial, the State withdrew Count 7 of the indictment (acquiring a handgun without a permit to purchase). (Re 17, January 23, 2001 trial transcript at 15:10-16). Thereafter, on January 25, 2001, the jury returned a verdict of guilty against Foye and Birt on all of the remaining counts against them.  (Re 19, January 25, 2001 trial transcript at 49:14-82:17).

Before sentencing, Foye filed a motion for a new trial.  The State also moved for an extended term and for sentencing pursuant to the No Early Release Act ("NERA").  (Re 20, 21 and 22).  On April 27, 2001, the trial court heard argument on these several motions, and issued an Order denying Foye's motion for a new trial, denying the State's motion for an extended term, but granting the State's motion for sentencing under NERA.  (Re 25-28).  Foye was sentenced on April 27, 2001, to an aggregate term of life imprisonment plus 10 years with a 35-year period of parole ineligibility.  (Re 25, April 27, 2001 Sentencing Transcript at 39:15-47:4).

4

Foye filed a direct appeal from his conviction and sentence before the Superior Court of New Jersey, Appellate Division. In an unpublished decision, the Appellate Division affirmed the conviction and sentence on July 11, 2003.  (Re 32).  The Supreme Court of New Jersey denied certification by Order dated December 11, 2003.  State v. Foye, 178 N.J. 376 (2003).

Foye filed a petition for post-conviction relief ("PCR") in state court on December 21, 2004.  (Re 33).  A hearing was held on November 18, 2005.  (Re 37, November 18, 2005 PCR transcript). Judge Chaiet denied the PCR petition by Order dated November 18, 2005.  (Re 38).  Foye appealed from the denial of his PCR petition.  In an unpublished decision, dated February 19, 2008, the Appellate Division affirmed denial of post-conviction relief. (Re 42).  The Supreme Court of New Jersey denied certification on May 6, 2008.  (Re 44).

Foye initially filed a petition for habeas relief under 28 U.S.C. § 2254, on or about December 15, 2004.  He filed a motion for a stay of proceedings while he returned to state court to exhaust state court remedies.  (Docket entry nos. 1, 2).  A stay was granted by Opinion and Order issued by the Honorable Stanley R. Chesler, U.S.D.J., on August 16, 2005.  (Docket entry nos. 3, 4).  On or about June 9, 2008, Foye filed a motion seeking an extension of time to stay his habeas case while he pursued further remedies in state court.  (Docket entry no. 7).  This

5

Court denied Foye's request by Opinion and Order issued on July 22, 2008.  The matter was re-opened,[3] and Foye was directed to file his one, all-inclusive habeas petition within thirty days. (Docket entry nos. 8, 9).  Foye, through counsel, filed his habeas petition on August 19, 2008.  (Docket entry no. 12).

The State filed an answer to the petition, together with the relevant state court record, on February 12, 2009.  (Docket entry no. 21).  Foye, through counsel, filed a traverse or reply on March 13, 2009.  (Docket entry no. 23).  An amended document was filed by Foye, through counsel, on June 13, 2009.  (Docket entry no. 27).

## II.   STATEMENT OF CLAIMS

Foye asserts the following claims in his petition for habeas relief:

A.   Ineffective assistance of trial counsel in violation of Petitioner's rights under the Sixth Amendment.

B.   There was insufficient evidence at trial to support each and every element of the offenses for which Petitioner was convicted, in violation of his right to due process under the Fifth and Fourteenth Amendments.

C.   Prosecutorial misconduct in violation of Petitioner's rights under the Fifth and Fourteenth Amendments.

---

[3]   This habeas action had been administratively terminated pending Foye's exhaustion of state court remedies pursuant to the stay.  (See August 23, 2006 Order at Docket entry no. 6).

The State essentially contends that the petition should be denied for lack of substantive merit or because it fails to raise claims of federal constitutional dimension.  The State also argues that Claims A and C (paragraphs 12(a) and 12(c) of the habeas petition) are procedurally defaulted.

### III.   STANDARD OF REVIEW

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law.  28 U.S.C. § 2254(a).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dep't, 128 F.3d 152, 159 (3d Cir. 1997).  "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."  Smith v. Phillips, 455 U.S. 209, 221 (1982).  Generally, "[i]f a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable," Engle v. Isaac, 456 U.S. 107, 120 n. 19 (1982), and "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court

sitting in habeas corpus." Bradshaw v. Richey, 546 U.S. 74, 76 (2005).

In reviewing a § 2254 petition, a federal court is not permitted to address a federal constitutional claim pertinent to the facts of the case unless the petitioner asserts the claim as a ground for relief. That is, "errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). In addition, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997)(citations and internal quotation marks omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

In addition to the case law, the Antiterrorism and Effective Death Penalty Act ("AEDPA") limits a federal court's authority to grant habeas relief when a state court has adjudicated petitioner's federal claim on the merits. See 28 U.S.C. § 2254(d). Where a federal claim was "adjudicated on the merits" in state court proceedings, the writ must be denied unless adjudication of the claim either involved an unreasonable application of clearly established federal law, or was based on unreasonable determination of the facts in light of the evidence before the state court. See 28 U.S.C. § 2254(d).

The unreasonableness standards of § 2254(d) govern only claims that were "adjudicated on the merits in State Court proceedings."  28 U.S.C. § 2254(d).  "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground."  Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004)(citations and internal quotation marks omitted), reversed on other grounds sub nom. Rompilla v. Beard, 545 U.S. 374 (2005); see also Rolan v. Vaughn, 445 F.3d 671, 678 (3d Cir. 2006).  A state court may render an adjudication on the merits of a federal claim by rejecting the claim without any discussion whatsoever.  See Rompilla, 355 F.3d at 247.  See also Chadwick v. Janecka, 312 F.3d 597, 605-06 (3d Cir. 2002), cert. denied, 538 U.S. 1000 (2003)(citing Weeks v. Angelone, 528 U.S. 225, 237 (2000)(even a summary adjudication by the state court on the merits of a claim is entitled to § 2254(d) deference)).  On the other hand, "[i]f the petitioner's legal claims were presented but not addressed by the state courts, 28 U.S.C. § 2254(d) does not apply."  Rolan, 445 F.3d at 678.  See also Hameen v. State of Delaware, 212 F.3d 226, 248 (3d Cir. 2000)(with respect to claims presented to, but unadjudicated by, the state courts, however, a federal court may exercise pre-AEDPA independent judgment), cert.

denied, 532 U.S. 924 (2001); Purnell v. Hendricks, 2000 WL
1523144, *6 n.4 (D.N.J. 2000).

If the New Jersey courts adjudicated the petitioner's claims
on the merits, this Court may not grant relief unless either §
2254(d)(1) or § 2254(d)(2) is satisfied.  See 28 U.S.C. §
2254(d).  Accordingly, this Court may not grant habeas relief to
the petitioner unless the adjudication of a federal claim by the
New Jersey courts involved an unreasonable application of clearly
established Supreme Court law, see 28 U.S.C. § 2254(d)(1), or was
based on an unreasonable determination of the facts in light of
the evidence presented in the State court proceeding and Foye is
in custody in violation of the Constitution or laws or treaties
of the United States.  See 28 U.S.C. § 2254(a), (d)(2).

When the grounds raised in the petition are governed by 28
U.S.C. § 2254(d)(1), the court must begin its analysis by
determining the relevant law clearly established by the Supreme
Court.  See Yarborough v. Alvarado, 541 U.S. 652, 660 (2004).
Clearly established law "refers to the holdings, as opposed to
the dicta, of [the Supreme Court's] decisions as of the time of
the relevant state-court decision."  Williams v. Taylor, 529 U.S.
362, 412 (2000).  A court must look for "the governing legal
principle or principles set forth by the Supreme Court at the
time the state court renders its decision."  Lockyer v. Andrade,
538 U.S. 63, 71, 72 (2003).

10

A decision is "contrary to" a Supreme Court holding within 28 U .S.C. § 2254(d)(1), if the state court "contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Williams, 529 U.S. at 405-06.  Under the "'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable.[4]  See id. at 409-10. "The unreasonable application test is an objective one-a federal court may not grant habeas relief merely because it concludes that the state court applied federal law erroneously or incorrectly." Thomas v. Varner, 428 F.3d 491, 497 (3d Cir. 2005) (quoting Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir. 2005)).

---

[4]  See also Marshall v. Hendricks, 307 F.3d 36, 71 n. 24 (3d Cir. 2002)("[D]ecisions of federal courts below the level of the United States Supreme Court may be helpful to [a court] in ascertaining the reasonableness of state courts' application of clearly established United States Supreme Court precedent, as well as helpful amplifications of that precedent.")(citations and internal quotation marks omitted).

Finally, federal courts are required to apply a "presumption of correctness to factual determinations made by the state court." Id.; see also 28 U.S.C. § 2254(e)(1). The Third Circuit has ruled that this presumption of correctness based upon state court factual findings can only be overcome by clear and convincing evidence. See Duncan, 256 F.3d at 196 (citing 28 U.S.C. § 2254(e)(1)). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001).

## IV. ANALYSIS

### A. Ineffective Assistance of Trial Counsel

Foye asserts that his trial counsel was ineffective in violation of his Sixth Amendment right to effective assistance of counsel. The "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), is the standard for ineffective assistance of counsel as enunciated in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a petitioner seeking to prove a Sixth Amendment violation must demonstrate that his counsel's performance fell below an objective standard of reasonableness, assessing the facts of the case at the time of counsel's conduct. See id. at 688-89; Jacobs v. Horn, 395 F.3d 92, 102 (3d Cir. 2005); Keller v. Larkins, 251 F.3d 408, 418 (3d Cir.), cert. denied, 534 U.S.

12

973 (2001).  Counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Strickland, 466 U.S. at 688.  "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances."  Id.

If able to demonstrate deficient performance by counsel, the petitioner must also show that counsel's substandard performance actually prejudiced his defense.  See Strickland, 466 U.S. at 687.  Prejudice is shown if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.  The reviewing court must evaluate the effect of any errors in light of the totality of the evidence.  See id. at 695-96.  Thus, the petitioner must establish both deficient performance and resulting prejudice in order to state an ineffective assistance of counsel claim.  See id. at 697; see also Jacobs, 395 F.3d at 102; Keller, 251 F.3d at 418.

In this case, Foye contends that his trial counsel was constitutionally ineffective for failing to interview and call Leon Bell as a defense witness at trial.  He claims that Bell would have testified that Foye did not have the shared intent to commit robbery and murder.  Foye raised this claim of ineffective

13

assistance of trial counsel in his state PCR petition, together
with a claim for a new trial based on anticipated exculpatory
evidence from Bell.  In rejecting the claims, Judge Chaiet found
that:

> The defendant basically argues to this Court that he
> should get a new trial because Leon Bell, who was a friend
> of his, has exculpatory testimony that he would on his
> behalf.  Counsel has indicated that in looking at a new
> trial motion of this sort, one, the new evidence is, one,
> material to the issues and merely cumulative, impeaching, or
> contradictory.  Two, discovered since the original trial and
> not discoverable by reasonable diligence prior thereto.  And
> three, of the sort which would probably change the jury's
> verdict if a new trial was granted.  State v. Artis, 36 N.J.
> 538, 541 (1962).
>
> Well, as counsel I think has more or less conceded,
> what he originally hoped to happen in this case did not
> happen.  And the fact is at this particular point that
> there's been nothing to me to indicate that there is any
> evidence at this point, that is new evidence of newly
> discovered.  There simply is no evidence at this particular
> time.
>
> And therefore, counsel can't meet any of the prongs of
> the test.  I would indicate in terms of Mr. Bell and he had
> given a statement in this particular case, which was
> certainly incriminatory of this defendant.  In fact he gave
> two statements.  And now we would be talking about a third
> statement that he would be giving.
>
> The defendant [Birt], in this particular case, is, also
> counsel raises that as hoping that he would get exculpatory
> testimony from him.  And I think counsel understands that
> even the third prong of that test, even assuming that there
> was some certification, would be very difficult to meet
> since the defendant, you know, was convicted almost five
> years ago.  And the testimony of a co-defendant in that
> particular situation would be of not great, would not be
> given great weight in terms of credibility.
>
> So, I don't see any basis for granting a new trial in
> this particular matter.  Counsel in the -- so the two prongs
> as well, counsel was ineffective for not pursuing these

witnesses, and really in terms of the moving papers to the Court, it's couched in the sense of there was other exculpatory evidence and again, there's none.

In terms of Leon Bell, the Prosecutor had attempted to get Mr. Bell into testify.  My understanding at the time of the trial, because we were waiting, was that Mr. Bell, and I believe his wife also, got arrested in Jamaica and were detained in Jamaica, so there was no realistic process of the State getting him.  And you know, quite frankly at that particular point, I'm sure defense counsel looked at it as a benefit.

So certainly, you know, the defense counsel certainly at trial, was not incompetent in any way, shape or form in not getting a hold of those witnesses.  And again, there's been no evidence before me that anybody has any exculpatory evidence at this particular point.

. . .

And so therefore I'm not satisfied that under any basis should this post conviction relief application be granted. So I will deny it.  And I'm not, you know, and I'm denying it at this particular time.  This has been pending for a long period of time.  We do that because counsel is, it's hard to get the counsel in to represent somebody, they're entitled to counsel on their application.  And I'm not going to delay it any further.  So, and there's been nothing presented to me to show that there's anything on the merits that caused this Court to further delay the proceedings.

So therefore I will deny the motion for post conviction relief.

(Re 37, November 18, 2005 PCR transcript at 9:24-13:14).

The Appellate Division affirmed denial of the PCR petition

on appeal for the reasons set forth by Judge Chaiet.  The court

further added:

Defendant claims "trial counsel was ineffective in failing to procure Leon Bell as a witness to testify at trial."  The judge noted that Bell was to testify for the State and "had given a statement in this particular case, which was certainly incriminatory of this defendant [and] in fact he

15

gave two statements," but that Bell and his wife had been
arrested in Jamaica, and he was unavailable for trial.
Defendant does not contest this finding, and in fact stated
at the PCR hearing that Bell "[d]eclined to make any
statement different than the statement he made."  In any
event, there is no certification or affidavit as to what
Bell would testify at a new trial.[5]  Hence, there was no
basis even for an evidentiary hearing as to his credibility
and whether, if Bell testified, "that would probably change
the jury's verdict if a new trial were granted."  State v.
Carter, 85 N.J. 300, 314 (1981).

. . .

Defendant states "[s]ince both witnesses were reluctant
to offer evidence by way of certification or affidavit,
defendant should have been afforded a hearing at which these
witness[es]' testimony could have been compelled."  However,
defendant must present something to suggest the new
witnesses would offer exculpatory evidence in order to
obtain the hearing to test credibility in terms of whether
or not such testimony would give rise to a different result
or warrant a new trial.  See, e.g., State v. Carter, supra,
85 N.J. at 314; State v. Cummings, 321 N.J. Super. 154, 164
(App. Div.), certif. denied, 162 N.J. 199 (1999).

(Re 39, February 19, 2008 Appellate Division Opinion at pp. 2-4).

Likewise, in his habeas petition, Foye has made no showing

to contradict the state court rulings.  He completely fails to

offer any affidavit, certification or otherwise to suggest that

Bell would have contradicted his prior statements or that Bell

would have testified differently had he been called at trial.  At

the time of pretrial and trial proceedings, there was nothing to

---

[5]     Defendant now vaguely asserts that "adequate effort on
the part of trial counsel would have resulted in
calling this crucial defense witness and a better
ability to cross-examine the State's witnesses about
the incident."  There is no specific suggestion as to
why or how.

16

suggest to Foye's counsel that Bell could have provided exculpatory evidence if called to testify at trial. Thus, even if Foye could show that his trial counsel was deficient in failing to interview and call Bell as a witness at trial, Foye cannot satisfy the prejudice prong under <u>Strickland</u>. He has failed to show any evidence that would have likely produced a different result at trial. Thus, Foye's claim that Bell would have testified differently had trial counsel interviewed him is specious.

This Court is satisfied from its review of the pertinent state court record that there was ample evidence to support the state court rulings on this issue. There is nothing from the record to suggest that trial counsel's performance was not competent. This Court also finds that Foye has not shown, as required under 28 U.S.C. § 2254(d), that the actions of the state courts resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court in <u>Strickland</u>, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Therefore, this ineffective assistance of trial counsel claim for habeas relief will be denied.

B.  <u>Evidence Insufficient to Establish Elements of Robbery</u>

Foye next argues that his conviction and sentence was imposed in violation of the Due Process Clause of the Fifth and Fourteenth Amendments because there was insufficient evidence produced at trial to establish the elements of robbery, as defined under the New Jersey statute, <u>N.J.S.A.</u> 2C:15-1. Specifically, Foye contends that there was no evidence to prove that he shared the intent to commit robbery.  He also contests the sufficiency of the evidence as to the elements of felony murder and purposeful or knowing murder.

On direct appeal, the Appellate Division determined that there was sufficient evidence to support the armed robbery conviction, as well as the felony murder and murder convictions. Discussing Foye's claims at length, the court found:

> The State's evidence and the logical inferences to be
> drawn therefrom, considered in a light most favorable to the
> State, were sufficient for the jury to find defendant guilty
> of all charges beyond a reasonable doubt.  It is clear from
> the record that the State tried the defendant as an
> accomplice.  "By definition an accomplice must be a person
> who acts with the purpose of promoting or facilitating the
> commission of the substantive offense for which he is
> charged as an accomplice." <u>State v. White</u>, 98 N.J. 122, 129
> (1984).  Under <u>N.J.S.A.</u> 2C:2-6, accomplice liability
> attaches when a defendant shared the purpose of the
> principal who committed the offense charged, <u>State v.
> Norman</u>, 151 N.J. 5, 32 (1997), and the defendant "actually
> fores[aw] and intend[ed] the result of his or her acts."
> <u>State v. Bridges</u>, 133 N.J. 447, 456 (1993).  In fact, it is
> well established that "distinctions between the culpability
> and punishment of a principal and accomplice have been
> abolished, and that an accomplice has equal culpability and
> is subject to the same punishment as a principal in the

18

crime's commission." In re D.A.C., 337 N.J. Super. 493, 496-97 (App. Div. 2001).

"[A] defendant can be convicted of robbery, even if the theft is unsuccessful, if he or she (1) purposely takes a substantial step (2) to exercise unlawful control over the property of another (3) while threatening another with, or purposely placing another in fear of, immediate bodily injury." State v. Farrad, supra, 164 N.J. at 258. Thus, for defendant to be guilty of first-degree robbery as an accomplice, Birt must have intended to engage in armed robbery, or to inflict serious bodily injury during a theft or attempted theft, and defendant must have acted purposely in planning, promoting, or facilitating that robbery. State v. Rumblin, 166 N.J. 550, 555 (2001). An unarmed person may be guilty of armed robbery through the possession of a weapon by his accomplice, but the unarmed person must have had the same purpose to promote or facilitate robbery with the use of a firearm. State v. White, supra, 98 N.J. at 130.

There was sufficient evidence for the jury that Birt was "in the course of committing a theft" when Portlock was killed.[6] Even though Birt told the other co-defendants that he wanted to kill Portlock, they agreed that the "initial plan" was to go to Portlock's house, run inside, "beat him down," and rob him. Adams testified about the discussions with Birt and Foye about Foye's plan to rob Portlock, and to take his money and drugs. Birt got a handgun from the defendant, who went with the other co-defendants to show them where Portlock lived. After spotting Portlock on the street, defendant told Birt "go down with your business right now. Go do what you got to do." In essence, there was sufficient evidence presented to prove that defendant acted purposely and with the same intent as Birt in planning, promoting and facilitating a robbery with a gun that he had given to Birt.

We add that the defendant did not have to be guilty of armed robbery or first degree robbery to sustain the felony murder conviction. As a co-conspirator or accomplice, defendant is responsible for the death of Portlock during the course of any robbery or attempted robbery. See N.J.S.A. 2C:11-3a(3). A person is guilty of felony murder

---

[6] "In the course of committing a theft" including "an attempt to commit theft." N.J.S.A. 2C:15-1a.

if a homicide "is committed when the actor, acting either alone or with one or more other persons, is engaged in the commission of, or an attempt to commit, or flight after committing or attempting to commit robbery..." N.J.S.A. 2C:11-3a(3).  The defendant need not intend to kill the victim to sustain a felony murder.  [Citations omitted].

Defendant also contends, for the first time on appeal, that his "conviction for the first degree murder cannot stand."  Specifically, defendant claims that there was no evidence showing that he intended Birt to kill or cause the death of Portlock, or that he acted with purpose or knowledge in promoting or facilitating the killing.  We disagree.

Giving the State the benefit of its favorable testimony as well as all reasonable inferences therefrom, a jury could convict defendant of murder as an accomplice, beyond a reasonable doubt, notwithstanding testimony that defendant told Birt not to "kill" Portlock, and that he wanted to have him suffer in light of his desire for Birt to "beat him down."  He nevertheless knew Birt's expressed intent to kill the victim and gave Birt the handgun with which it was done.  Moreover, when co-defendants spotted Portlock standing on the street, defendant told Birt to "go down with your business right now.  Go do what you got to do."  Thus, a jury could reasonably find that, despite his statements to the contrary, defendant acted purposely and with the same intent as Birt in planning, promoting and facilitating Portlock's murder.

We note the evidence that defendant told Birt to do "whatever you do just don't kill him," and defendant's argument that the trial judge failed to instruct the jury under State v. Bielkiewicz, 267 N.J. Super. 520 (App. Div. 1993), with respect to the jury's ability to find defendant guilty of a lesser offense than Birt.  Defendant does not cite Bielkiewicz in terms of seeking a new trial based on the charge nor entry of a conviction for a lesser homicide offense.[7]  He argues only that there was insufficient evidence to convict the defendant of purposeful or knowing

_____

[7]    Perhaps for that reason the State does not refer to Bielkiewicz or address the charge in this respect.

murder, a contention we firmly reject.[8]  Nor did defendant
make any relevant objection or motion in the trial court.

    We therefore do not address the impact of <u>Bielkiewicz</u>
given the posture in which it is cited, particularly
because, even if the jury could find no shared intent to
kill or cause serious bodily injury resulting in death, the
defendant would still stand convicted of felony murder could
only be to affect the merger of the felony murder, for which
defendant would be sentenced to a term including the same
thirty-year period of parole ineligibility, and require
merger of the first-degree robbery for which a concurrent
sentence was imposed.

(Re 32, July 11, 2003 Appellate Division Opinion at pp. 7-11).

    A sufficiency of the evidence claim is governed by <u>Jackson</u>

<u>v. Virginia</u>, 443 U.S. 307 (1979).  In <u>Jackson v. Virginia</u>, the

Supreme Court determined that, "in a challenge to a state

criminal conviction brought under 28 U.S.C. § 2254 -- if the

settled procedural prerequisites for such a claim have otherwise

been satisfied -- the applicant is entitled to habeas corpus

relief if it is found that upon the record evidence adduced at

the trial no rational trier of fact could have found proof of

guilt beyond a reasonable doubt."  <u>Id</u>. at 324.  The Court

instructed a federal habeas corpus court "faced with a record of

historical facts that supports conflicting inferences [to]

presume -- even if it does not affirmatively appear in the record

-- that the trier of fact resolved any such conflicts in favor of

the prosecution, and [to] defer to that resolution."  <u>Id</u>. at 326;

---

[8]    He does not cite <u>Bielkiewicz</u> in connection with his
claim that a new trial motion, based on "weight of the
evidence," should have been granted.

21

see also House v. Bell, 547 U.S. 518, 538 (2006)("When confronted with a challenge based on trial evidence, courts presume the jury resolved evidentiary disputes reasonably so long as sufficient evidence supports the verdict").  The Court emphasized that "the standard ... does not permit a court to make its own subjective determination of guilt or innocence."  Jackson at 320, n. 13.  "[U]nder Jackson, the assessment of credibility of witnesses is generally beyond the scope of review."  Schlup v. Delo, 513 U.S. 298, 330 (1995).  The question is "whether, viewing the evidence in the light most favorable to the state, it was objectively unreasonable for the Appellate Division to conclude that a rational trier of fact could have found, beyond a reasonable doubt that [petitioner] was guilty[.]"  Kamienski v. Hendricks, 2009 WL 1477235 (3d Cir. May 28, 2009).

Thus, only where, "after viewing the evidence in the light most favorable to the prosecution, [no] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" should the writ issue.  Jackson, 443 U.S. at 319.  This standard must be applied "with explicit reference to the elements of the criminal offense as defined by state law."  Jackson, 443 U.S. at 324, n. 16.  See also Orban v. Vaughn, 123 F.3d 727 (3d Cir.1997), cert. denied, 522 U.S. 1059 (1998).  As noted above, state court factual determinations are presumed to

be correct.  See Werts v. Vaughn, 228 F.3d 178, 186 (3d Cir. 2000).

Here, Foye challenges the sufficiency of the evidence as to the elements of armed robbery, felony murder and purposeful or knowing murder.  The Appellate Division addressed these arguments on direct appeal, and found there was sufficient evidence to support all convictions, as set forth above.  This Court here finds that the state court applied the correct standard to determine the sufficiency of the evidence, and the state court's determination that the evidence was sufficient to sustain a conviction is neither contrary to nor an unreasonable application of controlling federal law.  Nor is the state court's factual determination unreasonable in light of the evidence presented.  Accordingly, Foye is not entitled to relief on this claim.

C.  Prosecutorial Misconduct

Foye also asserts a claim of prosecutorial misconduct during the opening statement and summation at trial.  Namely, Foye states that "the prosecution told the jury that while Birt was in the house, Birt told Leon Bell 'my man wants me to do it this way' and 'my man' is the petitioner."  Foye claims that Bell would deny that Birt told him "my man wants me to do it this way."  Foye contends that the inaccurate statements by the prosecutor were material because it strengthens the inference that Foye shared the same intent as Birt.  Foye raised this claim

on direct appeal and the Appellate Division found that the claim was without merit and did not even warrant discussion.  (Re 32).

Habeas review of a claim based on prosecutorial misconduct is limited to determining whether the conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974).  "The touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor."  Smith v. Phillips, 455 U.S. 209, 219 (1982).  If it does not infect the entire trial, misconduct alone is not enough to warrant a new trial.  Id. at 220.  "A criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments [or conduct] standing alone, for the statements or conduct must be viewed in context."  United States v. Young, 470 U.S. 1, 11 (1985).

However, the U.S. Supreme Court has recognized the obligation of a prosecutor to conduct a criminal prosecution with propriety and fairness.

> He may prosecute with earnestness and vigor – indeed, he should do so.  But, while he may strike hard blows, he is not at liberty to strike foul ones.  It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one. ...  Consequently, improper suggestions, insinuations, and, especially, assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none.

Berger v. United States, 295 U.S. 78, 88 (1935).

24

"Supreme Court precedent counsels that the reviewing court must examine the prosecutor's offensive actions in context and in light of the entire trial, assessing the severity of the conduct, the effect of the curative instructions, and the quantum of evidence against the defendant."  Moore v. Morton, 255 F.3d 95, 107 (3d Cir. 2001).

When a prosecutor's opening or closing remarks are challenged in a habeas petition, again, "[t]he relevant question is whether the prosecutor's comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.' " Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quoting Donnelly, 416 U.S. at 643).  In determining the likely effect of improper comments, a court may consider whether the comments were responsive to or invited by prior comments made by opposing counsel.  Darden, 477 U.S. at 181-82.  "Supreme Court precedent counsels that the reviewing court must examine the prosecutor's offensive actions in context and in light of the entire trial, assessing the severity of the conduct, the effect of the curative instructions, and the quantum of evidence against the defendant."  Moore v. Morton, 255 F.3d 95, 107 (3d Cir. 2001).

This Court finds that the prosecutor's comments during the opening and closing statements did not have the capacity on their own to so infect the trial with unfairness as to make the

resulting conviction a denial of due process.  Moreover, as set forth above, the state court found there was sufficient evidence at trial to support the convictions now challenged by Foye. Foye's attempt to discredit the prosecutor's comments about Bell's statement regarding what Birt had said is specious especially since he has not produced any evidence to support his claim that Bell would have testified differently from his statement or that Foye did not share Birt's intent.

Therefore, the Court finds no error of constitutional dimension with respect to Foye's claim of prosecutorial misconduct during summation.  The remarks by the prosecutor did not serve to infect the trial with unfairness, thus depriving petitioner of due process.  Moreover, the Appellate Division found that this claim was without merit to warrant discussion in a written opinion.  (Re 32).  The state court's ruling was not contrary to, and did not involve an unreasonable application of, clearly established federal law; nor was it based on an unreasonable determination of the facts presented in the state court proceedings.  Accordingly, this claim will be denied.

V.  <u>CERTIFICATE OF APPEALABILITY</u>

This Court next must determine whether a certificate of appealability should issue.  <u>See</u> Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For

the reasons discussed above, this Court's review of the claims advanced by petitioner demonstrates that he has failed to make a substantial showing of the denial of a constitutional right necessary for a certificate of appealability to issue.  Thus, this Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

**CONCLUSION**

For the above reasons, this Court finds that the § 2254 habeas petition must be denied, and a certificate of appealability will not issue.   An appropriate Order follows.


S/Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge

DATED: February 10, 2011